On Rehearing.
SOMMERVILLE, J.
[2] This is a personal injury suit based upon a maritime contract, for compensation under the State Employer’s Liability Act.
Formerly the admiralty courts could alone have had original jurisdiction, but by an act of Congress an amendment to the Judicial Code, approved October 6, 1917 — chapter 97, 40 Stat. 395 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 991[3], 1233) —was passed; and it was: '
“An act to amend sections 24 and 256 of the Judicial Code, relating to the jurisdiction of the district courts, so as to save to claimants the rights and remedies under the Workmen’s Com-. pensation Law of any state.”
While the case was pending in this court, on appeal, the Supreme Court of the United States, in an opinion in Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834 held the amending statute above referred to to be unconstitutional, null, and void. On the strength of that decision, defendant’s counsel filed a motion for rehearing, accompanied by exception of no cause of action, or plea to the jurisdiction of the state courts. As this suit is brought upon a maritime contract, over which the District Courts of the United States have exclusive original jurisdiction, the suit will have to be dismissed.
It is therefore ordered, adjudged, and decreed that this suit be dismissed for want of jurisdiction.
O’NÍELL, J.,
dissents on the ground that defendant did not plead the unconstitutionality of the amendment of the Judicial Code until the decree had been rendered by this court.